IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence U. Davidson, III, | C/A No. 3:21-cv-1180-JFA-PJG |
| Plaintiff, | |
| vs. | **ORDER** |
| USAA General Indemnity Company, | |
| Defendant. | |

I.     INTRODUCTION

Plaintiff Lawrence U. Davidson, III, ("Plaintiff") proceeding *pro se*, filed this breach of contract and conversion action against his motor vehicle insurer USAA. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After reviewing Defendant's motion for summary judgment (ECF No. 44) and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that summary judgment should be granted. (ECF No. 61). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections on January 31, 2022. (ECF No. 65). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 61). In response to the Report, Plaintiff submitted several vague and conclusory statements that amount to a mere disagreement with the Report.[1] (ECF No. 65). None of Plaintiff's "objections" cite or reference specific portions of the Report. Nor do they elucidate any specific error to which would allow this Court to conduct a *de novo* review.

---

[1] Although proceeding *pro se*, Plaintiff is alleged to be an attorney and experienced litigator. Where the *pro se* plaintiff is a practicing or former attorney, courts have declined to give liberal construction to their pleadings. *See Polidi v. Bannon*, 226 F. Supp. 3d 615, 617 n.1 (E.D. Va. 2016) (collecting cases).

3

For instance, Plaintiff states that "summary judgment is inappropriate as there is an absence of: Defendant's admissions; Defendant's agents statements; Defendant's evidentiary submissions; authorities submitted by Plaintiff; Plaintiff's evidentiary submissions; Plaintiff's statements; and a lack of payment by the Defendant, Insurer, to the Plaintiff for his damages." (ECF No. 65, p. 1-2). However, Plaintiff then fails to offer any specific examples as to what omissions, if any, should have been considered in the Report or how they would have altered to the outcome. Accordingly, Plaintiff's qualms, even if considered proper objections, fail to show any error in the Report and are thus overruled. Moreover, a full review of the Report indicates that the Magistrate Judge correctly concluded that Defendant's motion for summary judgment should be granted.

IV.     **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 61). For the reasons discussed above and in the Report, Defendants' motion for summary judgment (ECF No. 44) is granted.

IT IS SO ORDERED.

February 9, 2022                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

4